# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60696
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

October 27, 2017

Lyle W. Cayce
Clerk

GURMEET SINGH,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 753 822

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gurmeet Singh, a native and citizen of India, petitions for review of the
Board of Immigration Appeals' (BIA) denial of his applications for asylum,
withholding of removal, and relief under the Convention Against Torture
(CAT). (Singh's assertion that his case should be held in abeyance until the
BIA rules on his pending motion to reopen for reconsideration of his asylum
claim based on new corroborating evidence is DENIED.)

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

No. 16-60696

Because the BIA affirmed the findings and conclusions of the ffImmigration Judge (IJ) and in part otherwise relied   on his decision, we review both decisions. *E.g.*, *Zhu v. Gonzales*, 493 F.3d 588, 593–94 (5th Cir. 2007).  An immigration court's findings of fact are reviewed for substantial evidence. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  Accordingly, those factual findings are upheld unless "the evidence was so compelling that no reasonable factfinder could conclude against it".  *Id*. at 537.

Challenging the IJ's and BIA's adverse-credibility determinations only as they relate to the denial of his claim for asylum, Singh contends the inconsistencies and omissions in his testimony are minor and do not go to the heart of his claim.  The IJ and BIA may rely on any inconsistency in making an adverse-credibility determination, even if it does not go "to the heart of the applicant's claim, or any other relevant factor".  8 U.S.C. § 1158(b)(1)(B)(iii); *Wang*, 569 F.3d at 537.  Singh's omission of the alleged attack on his family home from both his credible-fear interview and asylum application, which, according to Singh's testimony, is the event that finally made him decide to leave India, is not a minor inconsistency; and, it was a major point relied on by the IJ and the BIA in determining Singh was not credible.  Substantial evidence supports the conclusion that, due to his lack of credibility, Singh has not demonstrated the requisite past, or a well-founded fear of future, persecution.  *Wang*, 569 F.3d at 538.

In another attempt to challenge the adverse-credibility finding, Singh maintains the finding is not supported by substantial evidence based on his lack of corroborating evidence.  Singh admits the lack of corroboration, but contends it should not be fatal to his credibility.  The IJ and the BIA relied upon the lack of corroborating evidence supporting Singh's claim in making and affirming the adverse-credibility determination.  Specifically, they noted

the lack of corroborating statements by Singh's father, other members of his family, and the Mann party official regarding the attacks on Singh, the family home, and the Mann party demonstrators.

Regarding such lack of corroborating evidence, Singh does not repeat his allegations made to the IJ and the BIA that his family members were illiterate. Instead, he now blames the lack of such evidence on his attorney's failure to tell him it was required and to obtain it. But, Singh did not raise before the BIA a claim for ineffective assistance of counsel for failure to obtain corroborating evidence. Therefore, this claim is dismissed for lack of jurisdiction due to Singh's failure to exhaust it before the BIA. 8 U.S.C. § 1252(d)(1); *Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001).

Singh claims the BIA abused its discretion by determining he could safely relocate within India. The IJ and the BIA found that, independent of his incredible and uncorroborated testimony, Singh's evidence did not demonstrate a well-founded fear of persecution because he could avoid persecution by relocating to another part of India. Singh does not point to any evidence in the record to prove the current national governing party or the Badal Party would seek to persecute him if he relocated outside of Punjab upon his return to India. Singh has not shown the evidence compels a finding he cannot avoid persecution by relocating within India. *Lopez-Gomez v. Ashcroft,* 263 F.3d 442, 446 (5th Cir. 2001).

All of Singh's assertions concern the denial of his claim for asylum; concomitantly, he seeks only asylum. Therefore, by failing to brief claims for withholding of removal or CAT relief, Singh has abandoned them. *E.g., Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

DISMISSED in part and DENIED in part.